**Sandra SALAZAR, Plaintiff–Appellant,**

v.

**WHINK PRODUCTS COMPANY, an Iowa corporation, Defendant–Appellee.**

No. 93CA0055.

Colorado Court of Appeals, Div. I.

April 7, 1994.

Rehearing Denied May 26, 1994.

Certiorari Denied Oct. 17, 1994.

**432**

Dyer Donnelly & Lilley, F. James Donnelly, Denver, for plaintiff-appellant.

Retherford, Mullen, Johnson & Bruce, J. Ronald Voss, Amelia L. Klemme, Colorado Springs, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

In this products liability action, plaintiff, Sandra Salazar, appeals the summary judgment entered in favor of defendant, Whink Products Co., which determined that Whink was not liable for plaintiff's injuries resulting from her use of its product, Whink Rust Stain Remover. We affirm.

Plaintiff asserts that genuine issues of material fact remain as to the adequacy of the warnings on the product and the foreseeability of her failure to heed those warnings. Whink contends that the trial court properly dismissed plaintiff's claims on the basis of her unforeseeable misuse of the product, but also argues that her claims are preempted by the Federal Hazardous Substances Act (FHSA), 15 U.S.C. §§ 1261–1277 (1988). It is undisputed that the label on the product at issue complies with the FHSA, and we conclude that the FHSA preempts plaintiff's duty to warn claims. Thus, we affirm the summary judgment, but on grounds different from those relied upon by the trial court.

■ Under the Supremacy Clause, U.S. Const., art. VI, cl. 2, state laws which "interfere with or are contrary to the laws of Congress, made in pursuance of the constitution," are invalid. *Gibbons v. Ogden,* 22 U.S. (9 Wheat.) 1, 6 L.Ed. 23 (1824). Whether a federal statute preempts a state law or claim turns on Congressional intent, and that intent may be explicit in the statute itself. *Cipollone v. Liggett Group, Inc.,* —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).

In its most recent pronouncement on federal preemption, the United States Supreme Court held that a broad statement in a federal law prohibiting state regulation also bars common law tort claims. *Cipollone v. Liggett Group, Inc., supra.*

The federal laws at issue in *Cipollone* were the Federal Cigarette Labeling and Advertising Act (1965 Cigarette Act) and the Public Health Cigarette Smoking Act of 1969 (1969 Cigarette Act), 15 U.S.C. §§ 1331–1340 (1988). The preemption provision in the 1965 Cigarette Act was narrow and stated: "No *statement* relating to smoking and health shall be required *in the advertising* of [properly labeled] cigarettes." *Cipollone, supra,* —— U.S. at ——, 112 S.Ct. at 2618, 120 L.Ed.2d at 421 (emphasis in original). Congress' emphasis on the words "statement" and "advertising" led the Court to conclude that the 1965 Cigarette Act preempted only state and federal regulations requiring additional warnings, but did not affect state law damages actions.

The 1969 Cigarette Act, however, used much broader language; it barred not merely "statements," but any "requirement[s] or prohibition[s] . . . imposed under state law." *Cipollone, supra,* —— U.S. at ——, 112 S.Ct. at 2619, 120 L.Ed.2d at 422. This language, the Court held, indicated legislative intent to ban state common law labeling and duty to warn claims along with direct state regulation of labels.

The Court noted that: "[T]he phrase '[n]o requirement or prohibition' sweeps broadly and suggests no distinction between positive

enactments and common law; to the contrary, those words easily encompass obligations that take the form of common law rules." *Cipollone, supra,* ── U.S. at ──, 112 S.Ct. at 2620, 120 L.Ed.2d at 426.

In order to succeed in the wake of *Cipollone,* then, the plaintiff would have to show that FHSA's preemption language is less sweeping than the language of the 1969 Cigarette Act; however, we can discern no significant difference between the two.

■ The FHSA was enacted in 1960 to mandate labeling of certain "hazardous" consumer products intended for use in the household or by children. *Chemical Specialties Manufacturers Ass'n v. Allenby,* 958 F.2d 941 (9th Cir.1992). The purpose of the Act was to "provide nationally uniform requirements for adequate cautionary labeling." House Committee On Interstate and Foreign Commerce, Federal Hazardous Substances Labeling Act, H.R.Rep. No. 1861, 86th Cong., 2d Sess. 2 (1960), *reprinted in* 1960 U.S.Code Cong. & Admin.News 2833. The scope of the Act's coverage as to these products is extremely broad. *Toy Manufacturers of America, Inc. v. Blumenthal,* 986 F.2d 615 (2d Cir.1992). Thus, the central requirement of the Act is that manufacturers of hazardous products provide cautionary labels clearly indicating the hazards and providing consumers with directions for use. The parties do not dispute that the label on Whink Rust Stain Remover comports with the FHSA's labeling requirements.

As enacted, the FHSA did not contain a preemption section. However, when the Act was amended in 1966, the legislative history discussed the impracticality of having the states produce potentially fifty different labels for a particular hazardous substance. House Committee On Interstate and Foreign Commerce, Child Protection Act of 1966, H.R.Rep. No. 2166, 89th Cong., 2d Sess. 3 (1966), *reprinted in* 1966 U.S.Code Cong. & Admin.News 4095, 4097. The 1966 amendments added a limited preemption provision which provides as follows:

> It is hereby expressly declared that it is the intent of the Congress to supersede any and all laws of the States and political subdivisions thereof insofar as they may now or hereafter provide for the precautionary labeling of any substance or article intended or suitable for household use (except for those substances defined in sections 2(f)(2) and (3) of this Act) which differs from the requirements or exemptions of this Act or the regulations or interpretations promulgated pursuant thereto. Any law, regulation, or ordinance purporting to establish such a labeling *requirement* shall be null and void.

Child Protection Act of 1966, Pub.L. No. 89–756, 80 Stat. 1303 (1966) (current version at 15 U.S.C. § 1261 (1988)); *see also* § 13–21–403(1)(b) C.R.S. (1987 Repl.Vol. 6A) (emphasis added).

In our view, the language prohibiting a state from imposing "a requirement" for labeling that is not identical to the labeling requirements under the Act is as inclusive as the language of the 1969 Cigarette Act stating that "no requirement or prohibition" shall be imposed under state law. The prohibition of "a requirement" is the functional equivalent of "no requirement." *See Arkansas–Platte & Gulf v. Van Waters & Rogers,* 981 F.2d 1177 (10th Cir.1993).

We find persuasive the reasoning of the court in *Moss v. Parks Corp.,* 985 F.2d 736 (4th Cir.1993), which held that the FHSA preempted common law failure to warn claims when the plaintiff seeks additional or more clearly stated warnings than those required by the FHSA. In determining that the FHSA applied to common law tort actions as well as state labeling regulations, the Court stated that: "[I]f federal law mandates a specific label and permits nothing additional or different, it can hardly be urged that a state tort duty based on a warning requirement that is more elaborate and different does not conflict. The manufacturer in that case cannot comply with both." *Moss v. Parks Corp., supra,* at 739–740.

■ Moreover, the purposes underlying both legislative regulation of labeling and a state common law duty to warn are the same. Indeed, a state common law duty to warn is nothing more than a duty to label a product to provide information. In that sense, the common law duty is no less "a requirement"

in the preemption scheme than a state statute imposing the same burden. The objective of the common law duty and a regulatory statute are the same. Both address a manufacturer's duty to convey information about a product through the medium of a label.

That a common law action can result in an award of damages to an injured party does not detract from the ultimate purpose of imposing a duty to warn the users of a product about its potential dangers or other properties. Therefore, we find it only logical to hold that the common law duty to warn is subjected to the same federal preemptive constraints as a state statute.

Accordingly, to the extent that plaintiff seeks additional, different, or more clearly stated warnings, her claim is expressly preempted by the FHSA.

Because of our disposition of this issue, it is unnecessary to address the remaining issues.

Judgment affirmed.

BRIGGS and TURSI *, JJ., concur.